JESSE N. BOLLES, Receiver, &c., of JOHN M. TRIMBLE, Appellant, *v.* JOHN A. DUFF, impleaded with WILLIAM H. ROBERTS and others, Respondent.

Strict foreclosures are not ordinarily decreed in this State, except against judgment creditors or persons similarly situated, not made parties to a previous foreclosure and sale of the premises, who claim a right to redeem.

Strict foreclosure is generally regarded in a court of equity as a severe remedy, and where a party insists upon the forfeiture, he must show that the decree clearly gives it to him.

In the strict foreclosure implied in the dismissal of a complaint to redeem on default of payment, absolute title does not pass, and the forfeiture is not complete, notwithstanding the entering of a decree that the party be foreclosed unless within a time named he pay the sum fixed, until a final order is granted and put upon the record, upon proof of non-payment within the time, actually dismissing the complaint.

W. and E., having obtained from T., the owner of a twenty years' term in certain real property, an assignment thereof absolute in form, but in fact as security for a loan, and the owner having subsequently made a general assignment for the benefit of creditors to R.; R. commenced an action against W. and E. to have the transfer of the term to them declared a mere security for the loan, and to be allowed to redeem. W. and E. denied that the assignment to them was merely a security; but after liti-

gation it was declared such; R. was held entitled to redeem, and it was adjudged that upon payment by him of a sum named in the decree within two months from the date thereof, W. and E. were to reassign the said term to him, but on default of such payment his complaint to be and from thenceforth to stand dismissed.

R. failed (by collusion, as was alleged) to pay within the time, and subsequently assented to the assignment of the lease and all their other rights by W. and E. to the defendant.

The plaintiff having been thereafter appointed receiver of the original owner, T., in supplementary proceedings, brought this action against the defendant, making T., R. and W. & E. parties with him, alleging fraud and collusion between R. and the defendant, and praying that he might be allowed to redeem, and the lease be reassigned to him, and that the defendant account for the rents and profits,—*Held*, that the plaintiff was a competent party to bring the action and, it appearing that no final order at the expiration of the two months had been entered, upon proof of non-payment, actually dismissing the complaint in R.'s suit, that the original decree therein was no bar.

(Argued December 22d, 1870; decided January 24th, 1871.)

APPEAL by plaintiff from an order of the late General Term of the Supreme Court of the first district, reversing a judgment for plaintiff at Special Term, and awarding a new trial. The facts are sufficiently stated in the opinion of the court.

*B. C. Thayer* and *John H. Reynolds*, for the appellant, after insisting that the proper parties were before the court, and discussing the effect of the collusion of Roberts with Duff, and his neglect to redeem, and the position in equity of Duff as *quasi* a trustee for Trimble's creditors; upon the question discussed by the court as to the effect of the former decree as a bar, cited *Caverlay* v. *Phelps* (6 Madd., 229); *Goldsmith* v. *Stoneheaver* (17 Jur., 199); *Osburn* v. *Fellows* (1 Rus. & Myln., 741); 1 Fisher on Mortg., 2d ed., 3, 7, 574; *Thoughton* v. *Binkes* (6 Ves., 573); *Bate* v. *Graham* (11 N. Y., 237); *Wright* v. *Delafield* (25 N. Y., 266); *Mechanics' Sav'g Inst.* v. *Roberts* (1 Abbott, 381); 2 Dan'l Ch. P., 1202, 1st Am. ed.; 3d Am. ed, 1016–17; id., 897, 4 Eng. ed.; Story's Eq. Pl., § 771; Mitford's Pl., 277; *Jouitt* v. *Garthier* (6 Monroe, 251); *Senhouse* v. *Earle* (2 Ves. Sr., 450); *Stevens* v. *Praed* (2 Cox, 376); *Cater* v. *Dewar* (Dick., 654)·

*Sheriff* v. *Sparks* (1 West Ch. R., 130); 2 Barb. Ch. Pr., 200)*n ;* 1 Seton on Decrees, 467*n ; Stewart* v. *Worrall* (1 Brown Ch. R., 506, Perkins ed.); 1 Smith Ch. Pr., 700 ; *Thompson* v. *Grant* (4 Madd., 438); 2 Fish. on Mortg., 2 ed., 1037, §1881; 902, § 1790; 2 Van Santvoord Eq., 2d ed., 117; *Neafie* v. *Neafie* (9 Johns. Ch. R., 1).

*John Graham* and *Aaron J. Vanderpoel* for the respondent, upon the point discussed in the opinion, cited *Morris* v. *Morange* (38 N. Y., 172); Story's Eq. Pl., 5th ed., §§ 157, 184; 2 Barb. Ch. Pr., 1844, 199, 200; 27 N. Y. R., 216 ; *Porter* v. *Purdy* (29 N. Y. R., 106); *Bangs* v. *Duckenfield* (18 N. Y., 592); *Beach* v. *Cooke* (28 N. Y., 508); *Diven* v. *Lee* (36 N. Y., 302); *Sweet* v. *Tuttle* (14 N. Y. R., 465); *Campbell* v. *Hall* (16 id., 575); *Goodale* v. *Tuttle* (29 id., 459); *Sheldon* v. *Edwards* (35 id., 279); *Plate* v. *Central R. R. Co.* (37 id., 472); *De Puy* v. *Strong* (id., 372); *Snyder* v. *Trumpbour* (38 id., 355).

By the Court—PECKHAM, J. On the 26th of July, 1856, one Trimble assigned to Whitney & Earle, of New York city, as security for a loan to him, a lease of certain lots upon which he afterward erected what was known as Laura Keene's Theatre, costing about $50,000. Upon its face the assignment was absolute. On the 7th of January, 1857, Trimble assigned said lease and all his other property to one Roberts, in trust, to pay debts, and if any surplus to return it to Trimble. In the spring of 1857, Roberts, having first tendered to Whitney & Earle some $36,000 in full for the money advanced on the security of said lease, and demanded an assignment thereof to him, and a surrender of the premises leased, commenced an action against them to have said assignment of the lease declared a mere security or mortgage for the money advanced thereon, and to redeem the premises therefrom. W. & E. denied that the assignment was intended as a security, but insisted it was, and was intended to be, absolute, but asked for no foreclosure or other affirmative

relief. Such proceedings were had in that suit, that upon the report of a referee as to the amount advanced and unpaid, the Supreme Court, on the 13th of December, 1862, adjudged that the sum of $26,240.97 was due to Whitney & Earle from Trimble, and that said assignment of the lease was taken and held as a security therefor. That upon payment thereof within two months from that date, they should reassign the lease to Roberts; " but in default of the plaintiff paying unto said defendants the aforesaid sum of $26,240.97, with interest from the 13th of December, 1862, within the time aforesaid, it is ordered that the said plaintiff's complaint be, and do from thenceforth stand, dismissed out of this court."

On the 22d day of January, 1863, the defendant Duff procured an assignment from Whitney & Earle, with the written consent of Roberts, of all their rights under said lease and under said decree. Roberts did not pay the money specified in the decree. In the early part of July, 1863, the plaintiff in this suit, who had been appointed receiver in supplementary proceedings by certain creditors of Trimble, commenced this suit to get the benefit of the decree made in the suit of *Roberts* v. *Whitney & Earle.*

This suit was commenced in behalf of the plaintiff and all other creditors of Trimble, and it alleges, among other things in substance, that Roberts neglected to give the creditors of Trimble notice to aid him in complying with the decree, and willfully and by collusion with Duff neglected and refused to pay it himself.

The answer of Roberts does not deny the collusion or the willful neglect and refusal to redeem. The answer of Duff denies all collusion, and claims the property as his own.

The cause was tried before Justice POTTER, who found the facts as to the lease, the advance by way of loan by Whitney & Earle upon the assignment thereof to them, the general assignment by Trimble to Roberts for the benefit of creditors, the action by *Roberts* v. *Whitney & Earle,* the decree therein, and the assignment of that decree to Duff, with the assent of Roberts, as before stated, and with full knowledge by Duff of

.all the antecedent facts as to the nature of the assignment of the lease to Whitney & Earle, and its object. That Roberts never offered the property at public or private sale, and did not notify the creditors of Trimble of the decree, or of its requirements ; that he was insolvent and, though prior to the 22d of January, 1863 (the date of the assignment to Duff), he applied to several parties to take up said decree, yet it did not appear on what terms or for whose benefit ; that after that date, Roberts made no attempt to sell the property or to obtain its rents, or in any way to make it available to the creditors of Trimble, but tacitly consented that Duff might keep the same as owner, and that Duff purchased said decree, etc., through a Mr. Kimball, as agent, who was also the attorney of Roberts & Trimble in that transaction, and the court decreed that the property in the hands of Duff was liable for the claims of the creditors of Trimble, after satisfying the proper advances of Duff, and directed a reference to ascertain the amount of such advances. Upon appeal to the General Term this judgment was reversed by a majority of the court in the first district, and a new trial ordered upon the ground that the judgment in the suit of Roberts *v.* Whitney & Earle was an absolute bar to this action. INGRAHAM, P. J., dissented.

Is that judgment a bar? I incline to think it is not. It is settled in this State, that, in an ordinary action for foreclosure and sale of the premises, the usual decree for that purpose is final, so far, at least, as to be appealable to this court, without waiting for the order confirming the report of sale. (*Morris* v. *Morange*, 38 N. Y., 172.)

In England, a strict foreclosure was the usual remedy. The power to give possession to the purchaser on a foreclosure sale was doubted, but finally exercised by the Court of Chancery. (See *Kenshaw* v. *Thompson*, 4 J. C. R., 609, and cases cited.)

By our statute, the court was given power over the whole subject, though the act was in a good degree declaratory. (2 R. S., 191–2.)

Strict foreclosures are now rarely pursued or allowed in this State, except in cases where a foreclosure has once been had and the premises sold; but some judgment creditor, or person similarly situated, not having been made a party, has a right to redeem. As to him, a strict foreclosure is proper.

In general, a mere strict foreclosure is a severe remedy. It transfers the absolute title without any sale, no matter what the value of the premises.

The defence in this case claim that the suit of *Roberts* v. *Whitney & Earle* was simply to redeem, and the failure to pay the sum decreed to be due within the time allowed, and the complaint being dismissed, operated as a strict foreclosure, and the estate of the mortgagor was thereby forfeited. (*Perine* v. *Dunn*, 4 J. Ch. R., 140, and cases there cited; *Beach* v. *Cooke*, 28 N. Y., 535; *Hansard* v. *Hardy*, 18 Vesey, 460; *Wood* v. *Surr.*, 19 Beav., 551.)

But the main purpose of that suit was not merely to redeem. The object was to have the assignment to Whitney & Earle (which was absolute on its face) adjudged to be, in fact, merely a mortgage. After a long litigation as to that point, the assignment was so held. The time allowed to a party to pay the amount decreed to be due on a bill to redeem is usually six months. (*Perine* v. *Dunn*, *supra*; Smith's Ch. Pr., 2d ed., p. 725.)

In the case at bar, but two months were allowed, though the case had been defended upon a false and unconscientious claim, and the amount to be paid was large.

The court in making that decree did not probably have their attention directed to its effect in case the plaintiff should be unable to pay within the specified time, and, though it specified nothing as to its being or operating as a foreclosure in case the plaintiff fail to pay, yet it is in that respect in the usual form of decree in such cases. (Smith's Ch. Pr., 2d ed., p. 725.) But if the defendant Duff insist upon this forfeiture, he must show that the decree clearly gives it to him. It seems that there never was in this case any final order obtained

(upon proof of the fact that there had been no payment), that the complaint should stand dismissed. The authorities in England are quite uniform that this final order is necessary in a strict foreclosure, and that until that final order is obtained, the mortgage is not foreclosed, and no title passes to the mortgagee. (2 Danl. Pl. and Pr., 1205 ; *Sheriff* v. *Sparks*, West. Rep., 130 ; *Thompson* v. *Grant*, 4 Mad., 232 ; *Faulkner* v. *Bolton*, 7 Sim., 319 ; 2 Fisher on Mortg., p. 1037, § 1881 ; Smith's Ch. Pr., 725 ; *Hansard* v. *Hardy*, 18 Ves., 460 ; *Wood* v. *Surr.*, 19 Beav., 551.) No case is cited in this State to the contrary of this rule, but Chancellor KENT, in *Perine* v. *Dunn, supra*, p. 143, seems to give it sanction. (See his Commentary there, as to the case of *Jones* v. *Hendrick.*)

Without extending this rule beyond the cases to which it is now applied, I think it sound in its application here, to a strict foreclosure implied from the dismissal of a bill to redeem.

Until that order be obtained, the records of the court do not show which party has finally obtained the judgment or who is the owner of the land. Until that order is obtained, the complainant may apply to have the time to pay the amount decreed to be due extended.

There are several objections as to the decisions of the court upon admitting or rejecting evidence, but this disposition of the case makes them immaterial. The action is properly instituted by this receiver under the circumstances of this case, and I think substantial justice is done by the decree. The main complaint of the defendant Duff is that he is not permitted to make a speculation at the expense of the creditors of Trimble, and, perhaps, of Trimble too, if the proceeds of the property should reach him. If Duff is in any degree right in his estimate of the value of the property, the question of Trimble's participation in any part of the proceeds of this property can never be a practical one. But no facts are found to exclude him.

The order appealed from is reversed, and the judgment of the Special Term affirmed with costs.

All the judges concurring, except ALLEN, J., who, having been of counsel, did not sit.

Order reversed and judgment for plaintiff affirmed.