WILLIAM M. HOUSE, APPELLANT, *v.* JOHN L. LOCKWOOD AND JULIET R. LOCKWOOD, RESPONDENTS.

*Action for the strict foreclosure of a mortgage upon land situated in another State —*
*when the courts of this State have jurisdiction over it.*

This action was brought to procure a strict foreclosure of a mortgage upon lands in Cook county, Illinois, given by the defendant Juliet R. Lockwood to secure the payment of a sum of money due to the plaintiff from the defendant John L. Lockwood, her husband. The referee dismissed the complaint upon the ground that the court had no jurisdiction over the action because the land was situated in the State of Illinois.

*Held,* error; that as the parties were within the jurisdiction of the court when its process was served upon them, and had appeared and served answers contesting the right of the plaintiff to maintain the action, the court acquired jurisdiction to entertain the action and to grant the relief sought.

APPEAL from a judgment dismissing the complaint, entered on the report of a referee.

*Nicholas Quackenbos,* for the appellant.

*Austen G. Fox,* for the respondents.

DANIELS, J.:

The object designed to be accomplished in this action was the strict foreclosure of a mortgage upon lands situated in Cook county, in the State of Illinois. The instrument alleged to be a mortgage

was in form a deed, executed by the defendants on or about the 7th of October, 1876, to the plaintiff. The property described in it belonged to Juliet R. Lockwood, who is the wife of the other defendant in the action, and evidence was given tending to establish the fact that the instrument was executed and delivered to secure the payment of money owing from John L. Lockwood, the other defendant, to the plaintiff. And under such evidence the fact was proven that the instrument, though in form a deed, was in reality a mortgage. And as the owner of the property was a married woman at the time when it was executed, and the debt was not her own, and she charged no other property by the execution of the instrument, the remedy of the plaintiff for the recovery of the indebtedness is confined to the land.

By the decision which the referee made the complaint was directed to be dismissed, but that direction was not given because of any deficiency in the plaintiff's proof, but for the reason that the land being situated in the State of Illinois, this court had no jurisdiction over the action. And whether it has or not is the controlling point to be decided in the disposition of the appeal. It has been urged in opposition to the appeal, as no objection was taken by the answer to the jurisdiction of the court, that the defendant was too late in raising it upon the trial before the referee. But in taking that objection the counsel is in error, for by section 499 of the Code of Civil Procedure, the objection to the jurisdiction of the court is not waived by the omission to take it either by demurrer or answer, and the authorities cited in support of this point in no manner tend to sustain it.

The subject-matter of this controversy is capable of being wholly and completely disposed of by a decree between these parties. They were personally within the jurisdiction of the court when its process was served upon them, and the defendants have appeared and served their answers contesting the right of the plaintiff to maintain the action. They are personally, therefore, subject to the jurisdiction of the court. And where that is the fact, and such jurisdiction has been acquired, there it has been the practice of courts of equity to decree relief, disposing of the controversy, although the subject-matter itself may be situated in another State or county. Upon this subject it has been said that

" the jurisdiction of courts of equity in regard to trusts, as well as to other things, is not confined to cases where the subject-matter is within the absolute reach of the process of the court called upon to act upon it, so that it can be directly and finally disposed of or affected by the decree. If the proper parties are within the reach of the process of the court, it will be sufficient to justify the assertion of full jurisdiction over the subject-matter in controversy." And courts of equity will, " where the proper parties are within the territorial sovereignty, or within the reach of the territorial process, administer full relief, although the property in controversy is actually situate in a foreign country, unless, indeed, the relief which is asked is of a nature which the court is incapable of administering." (2 Story's Eq. Jur., §§ 1291, 1292.) And this principle has been applied to a large class of cases, including actions for the specific performance of contracts, the adjustment of trusts and the foreclosure of mortgages. Upon this subject it is said that courts of equity in England " have an equal right to interfere with regard to judgments and mortgages upon the lands in a foreign country, as upon lands here. Bills are often filed upon mortgages in the West Indies. The only distinction is that this court cannot act upon the land directly, but acts upon the conscience of the person here." (Id., § 1293.) The accuracy of the general principle maintained by the author is sustained by *Mitchell* v. *Bunch* (2 Paige, 606, 616, 617) ; *Sutphen* v. *Fowler* (9 id., 280) ; *Bailey* v. *Ryder* (6 Seld., 363) ; *Gardner* v. *Ogden* (22 N. Y., 327) ; *Roblin* v. *Long* (60 How., 200). And the case of *Cragin*, v. *Lovell* (88 N. Y., 258) is in no manner inconsistent with this well established principle. For what was said there upon the subject of actions relating to property situated in other States was confined to actions for injuries to real property, and this was not such an action. In *Toller* v. *Carteret* (2 Vern., 494), an action of the same description as the present suit was brought and held to be maintainable by the chancellor, against a like objection to that which proved successful before the referee. This is a direct authority in favor of the right of the plaintiff to maintain this suit. And as the rights of the parties can be fully adjusted and regulated by a judgment in it operating upon the defendants themselves, it appears to be within the protection of the general principle of equity practice already

mentioned. And that an action may be maintained in the courts of this State to foreclose a mortgage upon property within another State, has been assumed by section 982 of the Code of Civil Procedure. By section 1626 of this Code it has been declared that a sale of the property mortgaged must be directed by the final judgment in the action. But whatever construction should be placed upon this section in other respects, it very clearly was not intended to include property situated in another State, for as to such property no sale could be made in compliance with the provisions of the Code regulating mortgage sales. And such a sale if made would probably be entirely inoperative where the property is in another State, as this property is. (*Watts* v. *Waddle*, 6 Pet., 391, 400.) It must, therefore, have been contemplated by the Code, permitting the foreclosure of a mortgage upon property in another State, that the action should be for such relief as has been demanded in this suit, inasmuch as no other possible relief could be awarded by the judgment. And that such relief may be given where the rights of the parties can be no otherwise protected or carried into effect, results from the principle which has been applied to foreclosures of this description. (*Bolles* v. *Duff*, 43 N. Y., 469, 473 ; *Ross* v. *Boardman*, 22 Hun, 527.)

The rule upon this subject, which was stated to be the law by the chancellor in *Lansing* v. *Goelet* (9 Cow., 346, 356), is specially applicable to the present action ; and that is, that " where the mortgagee has no personal demand against the mortgagor, or where the pledge, if not redeemed, is by the agreement of the parties to be taken for the debt, a strict foreclosure would be the fit and proper remedy for the mortgagee, and would produce no injurious consequences to either of the contracting parties." And this principle seems to have obtained the approval of the Court of Errors, inasmuch as the decree was affirmed by that body without any dissent concerning the correctness of it.

In the present case the plaintiff has no other remedy for the satisfaction of his demands; and as the land is situated in another State, the rights of the parties can be no otherwise adjusted than by a decree of this description ; and as the parties themselves are within the jurisdiction of the court, and subject to its authority, a judgment in the action should be rendered declaratory of and set-

tling their respective rights in this property. Such a judgment, if it shall be recovered, will be entirely effectual in the State of Illinois; as the instrument has been there recorded and under the Constitution and laws of the United States, full faith and credit will be required to be given to the adjudication which may here be so made.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

BRADY, P. J., concurred.

Judgment reversed, new trial ordered, costs to abide event.